Jones *v.* Guthrie.

---

DANIEL G. JONES, Plaintiff in Error, *v.* ROBERT E. GUTHRIE, Defendant in Error.

ERROR TO HANCOCK.

Judgments in the Circuit and District Courts of the United States, are liens upon real estate; but a party should show the date of the adjournment of the court creating them.

THIS is an action of ejectment, instituted in Schuyler county

Circuit Court, April term, 1857, brought to recover on title in fee, the possession of all that part of the south half of Lot No. 7, in William Manlove's addition to the town of Rushville, situated in the county of Schuyler, and State of Illinois, bounded, etc

The suit was commenced in Schuyler county, and the venue changed to Hancock Circuit Court.

Plea, general issue.

Cause came on to be tried at March term, 1858, in the Hancock Circuit Court. The parties, by agreement, waived a jury.

The court, SIBLEY, Judge, after hearing the evidence and counsel, found the issues for the defendant.

The plaintiff, by his bill of exceptions, shows that he, to maintain his issue, read in evidence : An exemplification of a judgment record duly authenticated, of a judgment recovered in the Circuit Court of the United States, for the District of Illinois, on the 15th day of June, 1851. Wherein John P. Doan, Wyllys King and Richard Bigelow recovered against Thomas Freeman, on declaration, warrant of attorney, release of errors, a judgment for $616.35 damages, and $10.67 costs— $627.02 ; a *fieri facias*, under seal of said court, to the marshal of the State of Illinois, issued on said judgment, 7th February, 1852 ; and a return of said execution by said marshal, with the following indorsed thereon :

" Came to hand the 10th day of February, A. D. 1852."

" I have levied upon the following property, namely : A part of the south half of lot No. 7, in William Manlove's addition to the town of Rushville, commencing *at the south-east corner of said lot*, at an alley, running thence west, 141 feet, thence north, 115 feet, thence east, 141 feet, *to an alley*, thence south, 115 feet, to the place of beginning, as the property of said Thomas Freeman.

" April 20th, 1852."

" Sale postponed, execution returned by order of the plaintiff's attorney, this 21st of August, 1852."

Indorsed—" Filed August 21st, 1852. W. POPE, Clerk."

A *venditioni exponas*, from said Circuit Court of the United States, directed to the marshal of the State of Illinois, to sell the said property so levied upon, indorsed as follows :

" Received this execution this 20th day of January, 1854, at the hour of one o'clock, P. M.

HARRY WILTON, U. S. Marshal."

" I do hereby appoint Z. N. Garbutt, United States deputy marshal, for the purpose of executing and collecting the within execution, this 20th day of January, A. D. eighteen hundred and fifty-four. HARRY WILTON, U. S. Marshal."

" By virtue of the within execution, I proceeded to advertise

the within described property according to law; and in confor-mity thereto, I did, on the 12th day of April, A. D. 1854, at the door of the Court House, in Rushville, in Schuyler county, between the hours of nine o'clock, A. M., and sun set of that day, offer for sale and sell as required, the said property ; at which time and place Jacob O. Jones bid and offered for the same the sum of one hundred and ten dollars, and this being the highest and best bid, the same was struck off and sold to him. I therefore return this execution unsatisfied, with a credit of one hundred and ten dollars.

" Given under my hand this 18th day of April, 1854.

H. WILTON, Marshal,

By Z. N. GARRUTT, Special Deputy."

The certificate of purchase on said sale corresponding with the return of the levy on the original execution, and describing the property sold by metes and bounds, and as being in the S. E. corner of said lot.

" Filed October 19, 1857. W. H. BRADLEY, Clerk."

Certificate of clerk, authenticating said papers.

The marshal's deed on said sale to said plaintiff, reciting all the facts, and in due form.

Description of premises, as in levy on first execution, duly acknowledged, authenticated and recorded.

Plaintiff produced and read in evidence a deed, conveying said premises, from Jacob O. Jones and wife, to Horace R. Witt, dated 12th January, 1846, duly acknowledged and recorded.

Also, a deed from Horace Witt and wife, conveying said premises to Samuel McCreary, bearing date of July, 1848, duly acknowledged and recorded.

Also, a deed from Samuel McCreary and wife, conveying said premises, in fee, to said Thomas Freeman, bearing date the 15th day of November, 1850, duly acknowledged and recorded.

The defendant, to prove the issue on his part, read in evidence the mortgage of Thomas Freeman to Thomas Wilson, John Beatty and Wheeler W. Wells, dated 18th December, 1850, upon 131 feet from off the east side of said premises. Condi-tioned to pay the mortgage, $1,000, according to the tenor of four notes, of $250 each. Which was duly acknowledged and recorded.

With a satisfaction of said mortgage of record thereon entered and written.

The defendant also read in evidence a deed from said Thomas Freeman and wife, conveying to the said Thomas Wilson, John Beatty and Wheeler W. Wells, an undivided two-thirds part of said premises, bearing date 29th July, 1851, duly acknowledged and recorded July 31st, 1851, with a covenant therein against his own acts.

Also, a deed from said Thomas Freeman and wife, conveying to William H. Ray an undivided one-third part of said premises, duly acknowledged and recorded 31st July, 1851, with a covenant therein by said Freeman, against his own acts.

And also, a deed from said John Beatty, Wheeler W. Wells and William H. Ray, conveying to the said Thomas Wilson their interest in said premises, duly acknowledged and recorded. Here the defendant rested.

The plaintiff then moved the court to exclude the deeds and mortgage offered in evidence on the part of the defendant, for the reason of their irrelevancy, to which the defendant objected; whereupon the court decided and ruled that it became unnecessary to exclude said evidence, and overruled said plaintiff's said motion.

To the said ruling of the said court, in not excluding said evidence, and overruling said plaintiff's motion, the plaintiff then and there excepted.

The court found the issues in the cause, on the evidence, in favor of the defendant, to which said finding of the court the said plaintiff excepted.

The plaintiff thereupon moved the court for a new trial, on the ground that the said finding of the court was against law and the evidence. To which the defendant objected, and the court overruled the plaintiff's motion for a new trial.

The court thereupon entered its final judgment in the cause, according to said finding. And which said opinion and decision of the said court, in rendering its final judgment, the plaintiff, by its counsel, excepted.

The errors assigned are—

1st. The court erred in admitting in evidence the deeds and mortgage offered by the defendant, and in overruling the motion of plaintiff to exclude the same from the evidence.

2nd. The court erred in its decision, in finding the issues, on the evidence, for the defendant, when the same should have been for the plaintiff.

3rd. The court erred in refusing to grant a new trial in the cause, for the reason, the finding of the court was against law, and the evidence in the cause.

4th. The court erred in entering final judgment in the cause in favor of defendant, and against the plaintiff.

5th. The court erred in not entering judgment for the plaintiff upon the facts given in evidence.

A. WHEAT, for Plaintiff in Error.

BROWNING & BUSHNELL, for Defendant in Error.

BREESE, J., We do not deem it necessary now to consider more than one point in this case, and that is, was the judgment in the U. S. Circuit Court for this district, a lien upon the premises in controversy? There is no statute of the United States making judgments rendered in their Circuit or District Courts liens upon real estate.

By the law of this State, judgments become liens on land from the last day of the term at which the judgment was rendered, and for the period of seven years. (Scates' Comp. 603.) There being no law of the United States making judgments a lien, Congress has recognized the existence of liens under the local law, and has regulated their continuance and termination at the periods fixed by the local law. 5 U. S. Statutes at large 338, § 10 ; also at pages 393 and 518.

The existence of the lien, the time at which it takes effect, and expires, must depend, therefore, upon the local law of the State in which the judgment is rendered.

It follows, therefore, the plaintiff should have proved when the Circuit Court adjourned, in order to show the time at which the judgment became a lien. He could not show when the lien attached, except by showing the precise day when the Court adjourned. This he did not do. The judgment is affirmed.

*Judgment affirmed.*

WALKER, Justice, took no part in this decision.